ANDREW R. QUINIO, Cal. Bar No. 288101
Email: aquinio@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

SAMANTHA R. ROMERO-DREW, Cal. Bar No. 344476
Email: SRomero@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ERICA JIMENEZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DR. ERICA PAN, in her official capacity as Director of the California Department of Public Health; DR. BARBARA FERRER, in her official capacity as Director of the Los Angeles County Department of Public Health; MANUEL CARMONA, in his official capacity as the Director of Public Health for the Pasadena Public Health Department; LOS ANGELES COUNTY DEPARTMENT OF PUBLIC HEALTH; and PASADENA PUBLIC HEALTH DEPARTMENT,<br><br>Defendants. | Case No. 2:26-cv-3500<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF** |

**INTRODUCTION**

1.    California funds programs to support pregnant women and new mothers. State, county, and local leaders collaboratively direct vital resources and services toward improving infant and maternal health. But under the State's Black Infant Health (BIH) program, access to those public benefits turns on race alone. Mothers who meet every other eligibility requirement are turned away if they are not of the government's preferred race. Race determines who receives help and who is excluded.

2.    Plaintiff Erica Jimenez experienced that discrimination. A Pasadena resident and new mother who recently gave birth to her first child, she sought support from the local BIH program while pregnant. She qualified in every respect except race. After learning that Mrs. Jimenez is not black, a BIH program coordinator informed Mrs. Jimenez that the program was not for her.

3.    The consequences were immediate. Mrs. Jimenez was denied publicly funded services for healthy pregnancies and early childhood development—services available to others solely because they fit the government's preferred race. Mrs. Jimenez's race alone closed the door.

4.    Countless other pregnant and new mothers across California suffer the same exclusion. They qualify in every way except the government's racial criterion. The program sets no income limits—only race decides who gets help. Plaintiff brings this action on behalf of herself and a proposed class of similarly situated individuals who are eligible for BIH services in all respects except race.

5.    The Constitution forbids this racial discrimination: The Equal Protection Clause bars the government from conditioning public benefits on race. Our civil rights laws forbid this: Title VI prohibits recipients of federal funding from excluding individuals on the basis of race. And basic principles of human dignity forbid it: motherhood should not begin with unequal treatment based on race.

Complaint                                          2                              Case No. 2:26-cv-3500

**JURISDICTION AND VENUE**

6. This action arises under the Fourteenth Amendment to the United States Constitution; federal civil rights statutes 42 U.S.C. §§ 1981, 1983, and 2000d *et seq*.

7. This Court has jurisdiction over this federal claim under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights).

8. This Court has authority to issue Declaratory relief, as authorized by the Declaratory Judgment Act, as well as attorneys' fees and other necessary and proper relief under 28 U.S.C. §§ 2201–2202.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and a substantial part of the events giving rise to the claims occurred or will occur in this district.

**PARTIES**

10. Plaintiff Erica Jimenez is a United States citizen and resident of Pasadena, California. Mrs. Jimenez is a new mother who is eligible for the challenged program, but for her race. She applied to the Pasadena BIH program but was excluded from the program when a program coordinator learned she was not of the government-preferred race. Mrs. Jimenez remains within the postpartum eligibility window for BIH services but continues to be excluded because of her race, and she intends to have additional children and seek those services in future pregnancies.

11. Defendant Dr. Erica Pan is the Director of the California Department of Public Health (CDPH), which oversees and implements the statewide BIH program. As Director, Dr. Pan has the authority to adopt rules and regulations as are necessary to govern the activities of the department, including implementation of the BIH program. Dr. Pan is sued in her official capacity.

12. Defendant Dr. Barbara Ferrer is the Director of the Los Angeles County Department of Public Health, which administers the county-level BIH program. As Director, Dr. Ferrer is the county health officer with authority to make and enforce

rules and regulations as may be necessary or proper to enforce and observe orders, ordinances, and statutes pertaining to public health, including the BIH program. Dr. Ferrer is sued in her official capacity.

13.    Defendant Manual Carmona is the Director of Public Health for the Pasadena Public Health Department, which administers the city-level BIH program. As Director, Mr. Carmona directs and controls the Department and its programs, including the BIH program, and derives authority from the city manager. Mr. Carmona is sued in his official capacity.

14.    Defendant Los Angeles County Department of Public Health administers the county-level BIH program. The Department is a local health jurisdiction under relevant sections of the California Health and Safety Code pertaining to local health administration and maternal, child, and adolescent health. The Department, by and through its actions and policies, has caused and continues to cause the injuries alleged herein.

15.    Defendant Pasadena Public Health Department administers programs for the control and prevention of disease, promotion of maternal and child health, and promotion of public health, including the local BIH program. The Department cooperates with public and private agencies dealing with health needs of residents of the City of Pasadena. The Department is a local health jurisdiction under relevant sections of the California Health and Safety Code pertaining to local health administration and maternal, child, and adolescent health. The Department, by and through its actions and policies, has caused and continues to cause the injuries alleged herein.

## FACTUAL ALLEGATIONS
### The Challenged Program

16.    The California State Legislature established the BIH program to identify and implement strategies to reduce the rate of black infant mortality and address health disparities among black women, infants, and children. To expand the

Complaint                                     4                        Case No. 2:26-cv-3500

scope of interventions that the BIH program provides, the state directed the CDPH to establish the California Perinatal Equity Initiative. As part of this initiative, CDPH developed a process to allocate funds to local health jurisdictions and worked with state and local BIH programs for the purpose of improving black infant birth outcomes. *See* Cal. Health & Safety Code §§ 123259 and 123260.

17. The statewide BIH program receives funding from federal Title V Maternal and Child Health Services block grants.

18. Los Angeles County is one of the local jurisdictions that receives funding to implement the BIH program. For state fiscal years 2024–2025 and 2025–2026, CDPH allocated $5,524,000 to Los Angeles County, with $902,405 comprising Title V funds.

19. Defendant Pasadena Public Health Department contracts with Defendant Los Angeles County Department of Public Health to receive funds and provide BIH services to eligible women in certain geographic areas.

20. The statewide BIH website states that the program's free services are open to "all Black women who are 16 years or older, pregnant or up to six months postpartum at the time of enrollment regardless of income."

21. Los Angeles County's BIH program limits eligibility to "[p]regnant African American women 18 years of age and older" who live in designated areas.

22. The City of Pasadena likewise limits eligibility to the local BIH program to individuals who are at least 16 years old, identify as black or African American, and are pregnant or up to six months postpartum. Applicants to the program provide their contact information, date of birth, pregnancy status, first-time motherhood status, and race.

23. If accepted to the program, BIH participants in Pasadena receive 10 prenatal and 10 postpartum group sessions offering engaging activities that explore pregnancy and parenting. Participants also receive guidance and referrals on a range of topics, including assistance with applying for health insurance and family

planning counseling. These services aim to empower new mothers and improve the health and social conditions of their families.

24. All iterations of the BIH program use race to screen and therefore include or exclude pregnant or postpartum mothers on the basis of race.

25. California, Los Angeles, and Pasadena BIH programs do not have income limits for eligibility.

### The Racial Eligibility Requirements Impact on Plaintiff

26. Mrs. Jimenez is a new mother who resides in Pasadena, California.

27. She recently gave birth to her first child in mid-March.

28. Mrs. Jimenez is not black. Neither she, nor her child, belong to the government-preferred racial group.

29. Prior to her child's birth, Mrs. Jimenez completed the City of Pasadena's BIH online interest form.

30. Shortly after submitting the interest form, she received a call from a BIH program coordinator on February 27, 2026.

31. The program coordinator explained to Mrs. Jimenez that BIH is only for mothers who meet the racial eligibility criterion, or for mothers whose infants do.

32. After learning that Mrs. Jimenez did not meet the racial criterion, the coordinator informed Mrs. Jimenez that she was excluded from the BIH program and referred her to other resources.

33. Mrs. Jimenez has been and will continue to be denied access to a government program solely due to her race.

34. Any expecting or postpartum mother who meets all the eligibility requirements but for the race requirement is also excluded from the BIH program.

**Class Action Allegations**

35.    Plaintiff sues individually and as a class representative under Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of all persons who are eligible for the challenged program but are excluded on account of their race.

36.    The class includes all persons who meet the nonracial eligibility criteria for the challenged program, but whom Defendants exclude due to race. Defendants injure all class members to the same extent that the named Plaintiff is injured. Notice will be given to individuals, including, but no limited to, participants in statewide and local maternal health programs who would otherwise qualify for BIH but for their race.

37.    The named Plaintiff is an adequate class representative because she belongs to the class of persons who are eligible for the challenged program but are excluded on account of their race.

38.    The class is so numerous that the joinder of all members is impractical. Only an injunctive class as defined can vindicate the constitutional rights of the members of the class.

39.    There are common questions of law and fact that unite the class, including:

      a.    Whether the BIH racial exclusion violates class members' Equal Protection rights;

      b.    Whether the BIH racial exclusion racially discriminates in violation of Title VI of the 1964 Civil Rights Act.

40.    The claims brought by the named Plaintiff are typical of the class, and the named Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests antagonistic to the absent class members.

41.    The relief sought is appropriate for the class as a whole because Plaintiff demands declaratory and injunctive relief against Defendants imposing

racial eligibility criterion for the BIH program. This relief equally impacts the entire class.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of the Equal Protection Clause of the Fourteenth Amendment

### (42 U.S.C. § 1983)

42.    Plaintiff realleges and incorporates by reference all allegations contained in the previous paragraphs.

43.    An actual and substantial controversy exists between Plaintiff and Defendants. Plaintiff has the right to equal access to government programs free from the consideration of her race.

44.    The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

45.    Defendants Dr. Erica Pan, Director of the California Department of Public Health; Dr. Barbara Ferrer, Director of the Los Angeles County Department of Public Health; and Manual Carmona, Director of Public Health for the Pasadena Public Health Department; the Los Angeles County Department of Health; and the Pasadena Public Health Department are each a "person" within the meaning of 42 U.S.C. § 1983.

46.    Defendants have acted and are acting "under the color of state law" within the meaning of section 1983.

47.    Defendants administer BIH programs and implement the eligibility criteria.

48.    The eligibility criteria for BIH programs require the exclusion of pregnant and postpartum mothers on the basis of race.

49. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to serve a compelling governmental interest.

50. The racial exclusion does not serve a compelling government interest.

51. The racial exclusion does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

52. Even if the racial exclusion served a compelling government interest, it is not narrowly tailored to remediating specific, identified instances of past discrimination.

53. The racial exclusion uses race as a negative.

54. The racial exclusion stereotypes individuals on the basis of race, mandates racial discrimination, and has no end date.

55. Plaintiff has been and will continue to be harmed by Defendants' racial discrimination absent an injunction prohibiting Defendants' enforcement of the racial exclusion.

56. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against the continued enforcement of the racial exclusion.

## Second Cause of Action

## Intentional Discrimination in Violation of Title VI of the 1964 Civil Rights Act (42 U.S.C. § 2000d)

57. Plaintiff realleges and incorporates by reference all allegations contained in the previous paragraphs.

58. Defendants have violated Plaintiff's federal statutory right not to be discriminated against in a program or activity receiving federal financial assistance.

59. Title VI of the 1964 Civil Rights Act (42 U.S.C. § 2000d) provides, in relevant part: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance."

60. The California Department of Public Health, the Los Angeles County Department of Health, and the Pasadena Public Health Department are recipients of federal funds and consequently are obligated not to discriminate by race under Title VI.

61. Despite their Title VI obligations, Defendants discriminated and continue to discriminate against Plaintiff on the basis of race.

62. Defendants' actions were made under color of law.

63. Title VI is privately enforceable.

64. Discrimination that violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution constitutes a violation of Title VI when committed by an institution that accepts federal funds.

65. An institution's use of race or ethnicity that is in any way motivated by prejudice or a stereotype against a particular group violates Title VI.

66. Plaintiff has been and will continue to be injured because of Defendants' racial discrimination.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaration that the BIH program's racial exclusion violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and Title VI of the 1964 Civil Rights Act;

B. A permanent injunction restraining Defendants and Defendants' officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendants from excluding from the BIH program otherwise eligible persons on the basis of race;

C.    Judgment for Plaintiff and against Defendants for the deprivation of Plaintiff's rights;

D.    An award of attorney fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988;

E.    An award of nominal damages in the amount of $1.00; and

F.    Any further relief as the Court may deem just, necessary, or proper.

DATED: April 2, 2026.

Respectfully submitted,

ANDREW R. QUINIO
SAMANTHA R. ROMERO-DREW
Pacific Legal Foundation

By s/ *Andrew R. Quinio*
    ANDREW R. QUINIO

*Attorneys for Plaintiff*